UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                        **Hon. Hugh B. Scott**

                    v.

                                        07CR152S

                                        **Order**

BRIAN McCOY,

                    Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A).

The instant matter before the court is the Defendant's omnibus motion (Docket No. 12) which seeks the following relief: production of Brady materials; identification of informants; production of Federal Rule of Evidence 404(b) material; production of Federal Rule of Criminal Procedure 16 discovery and provision of Rule 12(d) notice of the Government's intention regarding evidence; production of Jencks Act material and the timing of that production; issuance of a Bill of Particulars; search of Government agents' personnel files; preservation of evidence; production of residual exception statements under Federal Rule of Evidence 807; and request for an audibility hearing. The motion also seeks suppression of evidence and statements; these will be considered in a separate Report & Recommendation.

The government has filed responding papers (Docket No. 15) and a suppression hearing was held on November 21, 2008 (Docket Nos. 32, 36), and the motion was deemed submitted (with the suppression relief sought) on March 31, 2009, when post-hearing briefing was submitted (see Docket Nos. 42, 43).

## BACKGROUND

Defendant was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Defendant, having been convicted of a felony in 2001, was found on or about June 30, 2007, to be in possession of a Colt AR-15 A2, .223 caliber semi-automatic rifle and 59 rounds of ammunition (Docket No. 1, Indict.).

## DISCUSSION

I.  Brady Materials

First, defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 12, Def. Atty. Aff. ¶¶ 6, 10-14). Defendant seeks Brady material produced well before the eve of trial (id. ¶¶ 10-14). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government responds that it intends to produce Brady materials when it produces Jencks Act items, no later than two weeks before trial (Docket No. 15, Gov't Response at 4-5).

It is unclear as to whether the Government's response included considerations regarding "impeachment" Brady material as well as exculpatory Brady material.

Neither the Supreme Court, nor the Second Circuit[1], have ruled directly on whether a there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the Government's obligations to disclose under Brady and the Government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979) (the court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); United States v. Perez, 870 F.2d 1222 (7th Cir. 1989) (the Government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979) (a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence); but see United States v.

---

[1]In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

3

Wilson, 565 F. Supp. 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); United States v. Biaggi, 675 F. Supp. 790 (S.D.N.Y. 1987) (information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); United States v. Feldman, 731 F. Supp. 1189 (S.D.N.Y. 1990) (it is sufficient for the Government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by Government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. United States v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979); but see United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) (the Government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the Government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient in this case**.

II. Identification of Informants

Defendant next seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 12, Def. Atty. Aff. ¶¶ 15-26). The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.), cert. denied, 498 U.S. 921 (1990). The Government contends that there was no confidential informant in this case to be identified (Docket No. 15, Gov't Response at 5).

Defendant has not established that the pre-trial disclosure of the identities of any informants (if they existed) is essential to his defense. This request is **denied**.

III. Federal Rule of Evidence 404(b) Materials

Defendant requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 12, Def. Atty. Aff. ¶¶ 27-29).

5

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it has no intention to use defendant's similar prior bad acts but will use defendant's prior felony conviction in evidence (as disclosed to defendant) (Docket No. 15, Gov't Response at 5). **This is sufficient** in this case.

IV. Discovery

Defendant next seeks various items of pretrial discovery (Docket No. 12, Def. Atty. Aff. ¶¶ 30-39). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 12(d)(2), defendant requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 12, Def. Atty. Aff. ¶¶ 30-32). Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use.

The Government states that it intends to use the seized firearm and ammunition as evidence in its case in chief as well as defendant's statement to law enforcement officers and those later recorded in his CPL 710.30 statement (Docket No. 15, Gov't Response at 6). While the Government has furnished defendant with several of the items he requests in this motion (id.

6

at 6; Ex. A) where the Government had such items in its possession, it expressly declines to produce the time and date when the Government entered into the investigation of defendant and whether the Government had any involvement in the case (see Docket No. 12, Def. Atty. Aff. ¶ 36, subparas. 5, 6), arguing that such material is beyond the scope of Rule 16 (Docket No. 15, Gov't Response at 6-7).

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 12, Def. Atty. Aff. ¶ 34). Defendant identifies several specific categories of items which they seek to be produced. The Government responds that it produced many of these items, where the Government has possession of the items and their production is consistent with Rule 16 and offered to make the tangible evidence (such as the firearm and ammunition) available for inspection (Docket No. 15, Gov't Response at 6-7).

Defendant seeks disclosure of any visual or audio identification procedures utilized in this case; specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes (Docket No. 12, Def. Atty. Aff. ¶¶ 37, 38). The Government contends that it is not in possession of such items (Docket No. 15, Gov't Response at 6-7). In any event, inasmuch as pretrial identification issues may raise questions of due process under the Fifth and Fourteenth Amendments, with the exception of the identity of any informant or witness, the Government **is directed to provide** defendant with information regarding any visual or audio identification procedures used in this case, see United States v. Green, 144 F.R.D. 631, 639 (W.D.N.Y. 1992) (Heckman, Mag. J.).

7

Pursuant to Rule 16(a)(1)(D), the defendant has also requested the production of the results of any physical or mental examinations or scientific tests, including but not limited to any such tests regarding the cocaine or firearms referenced in the indictment (Docket No. 12, Def. Atty. Aff. ¶ 39). The Government responds identifying the experts they intend to introduce at trial (Docket No. 15, Gov't Response at 8-9), but has not produced the results of testing performed by these experts. While this may be responsive to a demand for a written summary of any expert testimony that the Government intended to use in its direct case, this can not substitute for the test results themselves; therefore the Government is **to produce the test results**.

V. Jencks Act Materials and The Timing of Their Production

Defendant next seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, at least within thirty days of trial (Docket No. 12, Def. Atty. Aff. ¶ 40). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. The Government proposes to produce these items at least two weeks before trial (Docket No. 15, Gov't Response at 9). Defendant **has not established** that prior disclosure of Jencks material (30 days as opposed to 14 days) is essential to the preparation of a defense in this case.

VI. Bill of Particulars

Defendant next seeks a Bill of Particulars, to name all known (but unnamed) participants, state the particulars as to the time, date, and place defendant allegedly possessed the firearm, state the particular crime defendant was convicted of in 2001, state defendant's conduct affected commerce, state whether his alleged possession was actual or constructive, and state any others

8

whom it is claimed had access to the firearm (Docket No. 12, Def. Atty. Aff. ¶ 42). The Government declines to particularize further, save whatever has already been produced, given the simple, straight forward nature of the Indictment and ample discovery produced in this case (Docket No. 15, Gov't Response at 9, 10-11).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the Indictment and indication of the discovery items produced to defendant, the Court finds that defendant **is not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect him from double jeopardy.

VII. Government Agents' Personnel Records

Defendants seek to inspect government agents' personnel files (Docket No. 12, Def. Atty's Aff. ¶¶ 43-46). The Government will produce such items from personnel files that are within the ambit of Brady, if found, but, to date, no such items have been found to exist (Docket No. 15, Gov't Response at 11). Defendants need to first show materiality prior to disclosure of such information (if it existed).

9

The Government **is directed to continue its review** of these files to determine if <u>Brady</u> or <u>Jencks</u> material is present. Responsive information, if any, should be treated as <u>Brady</u> or <u>Jencks</u> material (as appropriate) and disclosed accordingly. Any ambiguous items shall be submitted to the undersigned for <u>in camera</u> review.

VIII. Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 12, Def. Atty. Aff. ¶¶ 47-50). The Government has agreed to preserve all items of evidence (Docket No. 15, Gov't Response at 12); this response **is sufficient**.

IX. Disclosure of Residual Statements

Next, defendant wants disclosure of residual statements pursuant to Fed. R. Evid. 807 (Docket No. 12, Def. Atty. Aff. ¶¶ 51-53). The Government responds that it will produce these statements, as defined by that rule, in its possession with disclosure of the Jencks Act materials (Docket No. 15, Gov't Response at 12). Production on this schedule is sufficient and this defense motion is **denied**.

X. Audibility Hearing

Finally, defendant seeks a hearing on the audibility of any tape recordings it intends to use at trial. The Government contends that there were no recorded conversations, hence an audibility hearing is unnecessary (Docket No. 15, Gov't Response at 12). In the absence of such recordings, an audibility hearing **is unwarranted** and defendant's motion on this ground is **denied**.

## CONCLUSION

For the reasons stated above, defendant's omnibus discovery motion (Docket No. 12) is **granted in part, denied in part**, as specified in this Order.

So Ordered.

                                                  /s/ Hugh B. Scott
                                                  Hon. Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
        April 20, 2009